**PANAMA CANAL COMPANY, a federal corporation, Plaintiff,**

v.

**MV JANE D, her engines, tackle, apparel, and furniture, etc., and Inter America Transportation Corporation, her owner, and Rehavam Adiel, her master, Defendants.**

**Civ. No. 6229.**

District Court
D. Canal Zone,
Balboa Division.

Sept. 18, 1969.

Office of General Counsel, for plaintiff.

Henry L. Newell, Balboa, Canal Zone, for defendant.

## ORDER SUSTAINING MOTION FOR SUMMARY JUDGMENT

CROWE, District Judge.

On February 1, 1966, while the MV JANE D was at sea in the Caribbean, she suffered an emergency due to excessive water entering her bilges. She made a distress call for assistance. Certain U. S. military air-sea rescue aircraft located her in very rough seas and swells and dropped barrels of gasoline to her for use in operating her emergency bilge pump. She advised the aircraft that she was in immediate danger of sinking and sent a message by way of one of the aircraft requesting tug assistance.

In response to the request of the JANE D, the U. S. TABOGA, owned and operated by plaintiff, was withdrawn from her regular duty assignment at 1800 hours on February 1, 1966 and proceeded to sea to assist the JANE D. The TABOGA encountered the JANE D on the evening of February 2, 1966. A tow line was immediately passed and she was taken in tow. The TABOGA, with the JANE D safely in tow, passed the Cristobal breakwater at approximately 0945 hours on February 3, 1966, and the JANE D was safely anchored with the assistance of launches, also belonging to plaintiff, on the east flats in Cristobal inner harbor at approximately 1030 hours.

All of these above facts were alleged in the pleadings of plaintiff or determined from the pleadings of defendant and the answers to the interrogatories herein, and this court is of the opinion that:

(a) A marine peril existed;

(b) A service was voluntarily rendered when not required as an existing duty or from a special contract between plaintiff and defendant, and

(c) That success was complete and that the services rendered contributed to the success of the salvage operation.

The defendant argues in his brief that "On a motion for summary judgment the court cannot try issues of fact. It can only determine whether there are issues to be tried." This court heartily agrees with this assertion but there are no issues to be tried.

The gist of defendant's defense is that the master of the MV JANE D thought that a Navy tug would come forth and make the tow free of charge and that he thought he was indeed being towed by a Navy tug and the tow charge would not be made because of his previous experience with the Coast Guard with the same vessel. His story is not valid to prevent recovery by the plaintiff, as has been shown by the weight of authorities in cases cited in plaintiff's brief, and this court cannot see how any proof that has not already been introduced and is in the record could change the picture.

For these reasons and the argument set out fully in plaintiff's brief and supplemental memoranda, it is the opinion of this court that the motion for summary judgment should be sustained.

The charge of $125.00 per hour for a total of $6,125.00 computed on the basis of 49 hours' salvage, which is the usual tariff rate of the Panama Canal Company, is not excessive, and the $32.00, for the use of the launch and the launch parrot, one hour each at $16.00 per hour, is not contested by the defendant and should be allowed.

It is therefore the opinion of this court that the clerk of the court should prepare a judgment as the result of this summary order for plaintiff against the defendant in the sum of $6,155.00, together with the costs herein expended by plaintiff within the admiralty rules.